MARINO TORRES TORRUELLAS, Plaintiff and Appellee, *v.* RAFAEL SANCHO BONET, TREASURER OF PUERTO RICO, Defendant and Appellant. ALLAH TORRES TORRUELLAS, Plaintiff and Appellee, *v.* SAME.

Nos. 6952 and 6953.   Argued April 2, 1936.—Decided February 24, 1937.

*B. Fernández García, Attorney General (Jesús A. González, Acting Attorney General,* on the brief), for appellant. *J. J. Ortiz Alibrán* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

We will jointly consider these two appeals, as the same questions are involved in both of them. Each complaint sets up two causes of action. The first cause of action, in which appeal No. 6952 originated, is stated as follows:

"1.—The plaintiff is a taxpayer of the People of Puerto Rico by reason of income taxes, and the defendant, Manuel V. Domenech, is sued in his capacity as Treasurer of Puerto Rico.

"2.—The plaintiff is a 'citizen of Puerto Rico' as defined in subdivision 7 of section 2 of the Income Tax Law, Act No. 74, approved August 6, 1925, permanently domiciled in Puerto Rico. and ever since 1926, and prior thereto, has been a *bona fide* resident, at No. 9 Villa Street in the city of Ponce, which domicile he has. not relinquished at any time.

"3.—After the plaintiff had filed his income-tax return for 1926 and had paid the tax levied on him, the defendant assessed and levied a certain tax by way of deficiency for the aforesaid year 1926, which he protested before the Board of Review, and this latter

body assessed the net income of the plaintiff at $4,275.84; that the plaintiff, feeling aggrieved by the Board's decision, applied for a reconsideration which was denied, and the defendant then liquidated the tax amounting to $171.16 which was paid under protest on November 28, 1933, as per receipt No. 87 (a) attached to the present complaint and made a part thereof.

"4.—That the plaintiff is bound to pay only on the net income as assessed by the Board as a resident of Puerto Rico and by way of deficiency for the taxable year 1926, amounting to $34.37, and that the sum of $136.79 has been levied and collected from him on the erroneous assumption by the defendant that he was a nonresident of Puerto Rico, which sum is claimed in this first cause of action."

The second cause of action relates to the income tax for the year 1927. The complaint in appeal No. 6953 is identical with that in appeal No. 6952, except as to the name of the taxpayer. Both taxpayers are brothers.

The defendant in his answers to the complaints denied that the plaintiffs were citizens of Puerto Rico or that they resided in the Island. He admitted the facts relating to the collection of the taxes and to the payment under protest of a part thereof, but denied that the collection was unlawful, and asserted that the same had been carried out in accordance with the statute based on the nonresidence of the plaintiff taxpayers.

Upon the issue being thus joined, the case went to trial. The court heard the evidence and, after stating and analyzing the same, it reached the conclusion that the plaintiff taxpayers were permanent residents of the State of New Jersey but that, nevertheless, as they were citizens of Puerto Rico and of the United States, and as no discrimination could be established between citizens of Puerto Rico and those of the United States, whether resident or not, they were entitled to the benefits granted by the law, and accordingly it rendered judgment for the plaintiffs.

18

The following is transcribed from the opinion of the court:

"The plaintiffs are citizens of Puerto Rico and of the United States, having their residence in East Orange, New Jersey, United States of America, and they are entitled to the exemption granted to citizens residing in Puerto Rico, as otherwise there would be discrimination between citizens of Puerto Rico and those of the United States whether or not residing in Puerto Rico and in the continental United States. The tax was levied pursuant to section 12 of the Income Tax Law, Act No. 74 of 1925, the English text of which reads as follows:

" 'There shall be levied, collected and paid for each taxable year upon the net income of every individual a normal tax of 6 per centum of the amount of the net income in excess of the credits provided in section 18, except that in the case of a *resident of Porto Rico* the rate upon the first $4,000 of such excess amount shall be 2 per centum, and upon the next $4,000 of such amount shall be 4 per centum.'

"The foregoing provision was adopted from section 210 (*a*) of the Federal Revenue Act of 1924 reading as follows:

" 'In lieu of the tax imposed by section 210 of the Revenue Act of 1921, there shall be levied, collected, and paid for each taxable year upon the net income of every individual (except as provided in subdivision (*b*) of this section) a normal tax of 6 per centum of the amount of the net income in excess of the credits provided in Section 216, except that in the case of a *citizen or resident of the United States* the rate upon the first $4,000 of such excess amount shall be 2 per cent, and upon the next $4,000 of such excess amount shall be 4 per centum.'

"It may be noticed from a comparison of both sections that the words 'citizen or' of the Federal Act were omitted in our Law and that 'resident of the United States' was substituted by 'resident of Puerto Rico.' It is clear, according to the Federal Act, that citizens or residents of the United States, irrespective of their place of residence within the Union, are entitled to the exemption, and there seems to be no opinion to the contrary. As Puerto Rico is an organized territory of the United States, any interpretation of the law in the sense, favored by the Treasurer of Puerto Rico, of denying the exemption to the plaintiffs, who are citizens of Puerto Rico and of the United States, because they reside in East Orange, New Jersey, United States of America, that is, within the Union, would be a violation of the Federal Constitution and of the Organic

Act of Puerto Rico, amounting to a denial to a citizen of the United States and of Puerto Rico of the equal protection of the laws.

" 'The scheme of the Federal Constitution was to unite the people of the various states in one Federal citizenship, and to put an end to those local discriminations and impositions by one state upon the citizens of another state, which had so seriously impaired the efficiency of the government under the Confederation. *Paul* v. *Virginia,* 8 Wall. 168, 180; 19 L. ed. 357, 360.' "

Feeling aggrieved by that judgment, the defendant appealed. He maintains in his brief that the court erred in finding that the plaintiff taxpayers were citizens of Puerto Rico and of the United States in 1926 and 1927 and that they are so at present, and in concluding that by reason thereof they were entitled to the exemption granted by section 12 of Act No. 74 of 1925, pp. 400, 428.

In discussing the first assignment of error, the appellees maintain that there is no basis for considering the same, as the transcript of the record filed by the appellant does not contain the evidence. And such is the case indeed. It makes no difference that said evidence is set forth and analyzed by the judge in his opinion. The opinion of the court is not the mode authorized by law of sending up to the appellate court the evidence heard at the trial. It can not be taken as a substitute for a bill of exceptions or statement of facts or statement of the case or transcript of the evidence.

Now, is the present appeal one in which the evidence becomes necessary for a determination of the case? It is, because the plaintiffs and appellees alleged to be citizens of Puerto Rico residing in the Island and the court found that they were citizens of Puerto Rico and of the United States but were not residing in the Island, the defendant and appellant maintaining that there is not sufficient evidence for the conclusion that the plaintiffs are such citizens. Besides, even if it could be concluded that the plaintiffs were not such citizens, it would be necessary to consider the evidence for

the. purpose of determining whether or not their alleged residence in the Island was proved.

The second error assigned is predicated on the existence of the first. It cannot be considered or decided either.

For the reasons stated the judgments appealed from must be affirmed.